UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAMELA WRIGHT,
    *Plaintiff*,

v.

NANCY A. BERRYHILL,
    *Defendant*.

No. 3:17-cv-00501 (JAM)

**ORDER DENYING MOTION FOR EXTENSION OF TIME
AND DECLARATION OF DEFAULT**

Plaintiff Pamela Wright has filed this action against the Acting Commissioner of the Social Security Administration seeking review of the denial of her application for disability benefits.* The Court entered a standing scheduling order to allow 60 days from the filing of the record for plaintiff to file a motion for reversal and 60 more days for the Commissioner of the Social Security Administration to file a response. Doc. #6. The Court's scheduling order stated in part that "requests for extensions of time are discouraged, and unless circumstances dictate otherwise, counsel should generally not seek extensions." Doc. #6 at 2.

Plaintiff timely filed her motion for reversal on September 14, 2017, and the Commissioner's response was due by November 13, 2017. That day came and went without the Commissioner filing a response or a motion for extension of time.

More than a week later, the Commissioner filed a belated motion on November 22, 2017, seeking an additional 60-day extension of time and citing unspecified "recurrent health issues"

---

* Plaintiff filed this action against Carolyn Colvin, the former Acting Commissioner of Social Security, who has since been replaced in that position by Nancy A. Berryhill. The Clerk of Court shall amend the official caption in this case pursuant to Fed. R. Civ. P. 25(d).

1

from which counsel was "just now recovering." Doc. #18 at 1. The Court granted this motion to allow the Commissioner until January 16, 2018, to file any opposition papers. Doc. #19.

The Commissioner's counsel bided her time until that very date to file for yet another extension of time. Doc. #20. This latest extension request vaguely cites "the holidays and various weather delays and closings" that allegedly require 30 more days for her to "finalize" a response. *Ibid.* The Commissioner's counsel states that she "contacted" opposing counsel on some unspecified date about whether she would consent to the extension request but reports that opposing counsel "did not respond before the undersigned filed this request for an extension." *Ibid.*

The Commissioner's counsel also claims that this is "the first request for additional time to respond to plaintiff's motion." Doc. #20 at 1. As counsel well knows, she had previously (and untimely) sought and been granted a 60-day extension of time.

I will now deny counsel's motion for extension of time for several reasons. First, the Court's rules provide that a motion for extension of time "will not be granted except for good cause," and that "[t]he good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." D. Conn. L. Civ. R. 7(b)(1). Counsel's motion recites amorphous reasons for an extension of time that do not satisfy the particularized good cause standard.

Second, the Court's rules provide that "[a]ll motions for extensions of time shall include a statement of the movant that (1) the movant has inquired of all non-moving parties and there is agreement or objection to the motion, or that (2) despite diligent effort, including making the inquiry in sufficient time to afford non-movant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movant(s)." D. Conn. L. Civ. R. 7(b)(2). Counsel's

vague allusions to contacting plaintiff's counsel at some point in time to seek consent does not show that she made a timely and diligent effort to secure consent from opposing counsel before filing this motion

Third, the Court's rules provide that "[a]ll motions for extension of time shall be filed at least three (3) days before the deadline sought to be extended, except in cases in which compelling circumstances warranting an extension arise during the three days before the deadline," and that "[a]ny motion for extension of time filed fewer than three days before the deadline sought to be extended shall, in addition to satisfying all other requirements of this Rule, set forth reasons why the motion was not filed at least three days before the deadline in question." D. Conn. L. Civ. R. 7(b)(3). Counsel has paid no attention at all to these requirements of the rule.

Lastly, counsel has misrepresented the facts to state that this is her first request for an extension of time. The reward for misstating facts will not be an additional extension of time. I conclude in light of all the circumstances that the Commissioner has willfully defaulted on her obligations to follow the Court's rules and to participate in good faith in the litigation of this action.

I am not the first judge to deal with a lawyer for the Commissioner of Social Security who won't comply with basic scheduling and briefing requirements. Decades ago the First Circuit considered to what extent a court may sanction the Commissioner in such circumstances. *See Alameda v. Sec'y of Health, Ed. & Welfare*, 622 F.2d 1044 (1st Cir. 1980) (Coffin, J.). At the outset, the First Circuit acknowledged that a court may not simply grant a default judgment against the Commissioner, even though it would have the power to do so if the Commissioner were a private party. *Id.* at 1047-48 (citing 42 U.S.C. § 405(g) and Fed. R. Civ. P. 55(e) (now

codified as Fed. R. Civ. P. 55(d)). Without the option of outright dismissal, this prompted the First Circuit to ask if the law "allow[s] any room for a court's penalizing a party's failure to contribute a brief?" *Id.* at 1048. Its answer was that the law not only "permit[s] some measured sanctioning" but "require[s] it." *Ibid.* I agree.

The First Circuit then explained the "measured sanctioning" to impose. Citing the text of Fed. R. Civ. P. 55 that permits entry of a default judgment against the government if there is "evidence satisfactory to the court" to support a judgment in claimant's favor, the First Circuit concluded that "[w]e think the natural intendment of this language is that, after entry of default against the government, the quantum and quality of evidence that might satisfy a court can be less than that normally required." *Ibid.* It explained that "the somewhat more relaxed review contemplated by Rule 55(e) [now Rule 55(d)] would allow a court in a case where a brief from the Secretary is not forthcoming to rely on a claimant's brief pointing out the lack of sufficient evidentiary support in the administrative transcript for the Secretary's conclusion." *Id.* at 1048-49 (internal footnote omitted).

Elsewhere in its ruling, the First Circuit suggested that a court's review in such circumstances should focus on whether the claimant has "introduce[d] some evidence that the Secretary's conclusions are not supported by substantial evidence." *Id.* at 1047. Put differently, a court need not conduct a *de novo* review of the entire administrative record or try to concoct from the record the arguments that the Commissioner might have made if the Commissioner had tried to comply in good faith with the Court's rules.

Instead, a court need only consider if "the claimant's district court brief and reference to the record appeared relevant, fair and reasonably comprehensive," and to ensure that plaintiff's briefing does not errantly "refer to evidence supporting the Secretary's decision that was clearly

4

'substantial.'" *Id.* at 1049. As the First Circuit noted, "if the district court and we have been put in the predicament of flying on one wing, the flight need not be lengthy." *Ibid.* In this manner, a limited scope of review will satisfy the "evidence satisfactory to the court" standard of Rule 55(d).

The First Circuit's reasoning in *Alameda* makes good sense, and the Second Circuit has cited *Alameda* with apparent approval. *See Marziliano v. Heckler*, 728 F.2d 151, 158 (2d Cir. 1984) (affirming district court's application of relaxed review standard to motion for attorney's fees that was not timely opposed by government). Accordingly, in light of the Commissioner's willful failure in this case to comply with the Court's scheduling order and rules, I now deem the Commissioner to be in default and the briefing in this case to be complete. In accordance with Fed. R. Civ. P. 55(d), I will conduct a review of plaintiff's motion for relief to determine if plaintiff has identified evidence that is satisfactory to the Court to rule in plaintiff's favor.

It is so ordered.

Dated at New Haven this 22d day of January 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge